UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HENRY LERMA,

v.  Case No. 8:06-cr-279-T-17TBM
    8:09-cv-1486-T-17TBM

UNITED STATES OF AMERICA.

_____

O R D E R

THIS CAUSE is before the Court on Defendant Lerma's construed motion to vacate, set aside or correct sentence. (Doc. cv-1; cr-303). Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

First, Defendant Lerma is barred from raising the claims he raises in the present motion because he previously raised most of these claims on direct appeal, and could have raised the remaining claims on direct appeal. In its judgment order, dated November 19, 2007, the United States Court of Appeals for the Eleventh Circuit affirmed this Court's order as to Lerma's sentencing. The Eleventh Circuit stated:

> Henry Lerma appeals his 168-month sentence for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), (j) and 21 U.S.C. § 960(b)(l)(B)(ii), and possession with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), 21 U.S.C. § 960(b)(l)(B)(ii) and 18 U.S.C. § 2.1
> Lerma was one of nine crew members on a small vessel transporting

approximately 5,000 kilograms of cocaine. Lerma was one of four deck hands and took turns with the other deck hands driving the vessel in three-hour shifts.

When the United States Coast Guard ("USCG") came upon the vessel, one of the crew members instructed the others to pour gasoline on the vessel and set it on fire in an attempt to destroy the cocaine. The USCG boarded the vessel and extinguished the fire, but not before Lerma and another crew member sustained second and third degree burns that required medical attention at a hospital.

Lerma was indicted and pled guilty to both counts. The presentence investigation report ("PSI") set Lerma's base offense level at 38, pursuant to U.S.S.G. § 2D1.l(a)(3), based on the 5,000 kilograms of cocaine found on the vessel. The PSI recommended a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. With a criminal history category of I, the resulting guideline range was 168 to 210 months' imprisonment.

Lerma objected to the PSI's failure to include a two-level safety-valve reduction and a two-level mitigating-role reduction. At sentencing, the district court overruled Lerma's objections and imposed a 168-month sentence on both counts, to be served concurrently. Lerma filed this appeal.

I. DISCUSSION

A. Safety-Valve Relief

On appeal, Lerma argues that the district court erred when it denied him a two-level reduction under the safety-valve provision of the Sentencing Guidelines. Under the safety-valve provision, if a defendant convicted of certain drug crimes satisfies certain criteria, a district court shall impose a sentence without regard to any statutory mandatory minimum, 18 U.S.C. § 3553(f), U.S.S.G. § 5C1.2, and also give a two-level reduction in the defendant's offense level, U.S.S.G. § 2Dl.l(b)(9). A defendant has the burden of proving his eligibility for safety-valve relief. *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997). Among the criteria that must be met, the defendant must prove that "the offense did not result in death or serious bodily injury to any person." U.S.S.G. § 5C1.2(a)(3).

Here, it is undisputed that two people sustained serious bodily injury during the offense. Lerma and one of his co-defendants were seriously burned and required hospitalization. Lerma admits these burns constituted serious bodily injury.

Lerma points out that he sustained injuries and that he has already endured pain and suffering as a result of his injuries. He also argues that he saved another co-defendant's life by helping him put on a life jacket and pushing him overboard.

The plain language of § 5C1.2(a)(3) states that a defendant is precluded from safety-valve relief if the offense resulted in serious bodily injury to any. person. Thus, the injuries to Lerma's co-defendant alone preclude the relief. Furthermore, nothing in § 5C1.2 or 18 U.S.C. § 3553(f) provides for safety-valve relief where a co-defendant sustains serious injury,

but the defendant also saved a co-defendant's life.

Because Lerma did not meet the requirements of § 5C1.2(a)(3), the district court correctly denied Lerma a two-level safety-valve reduction.

B. Mitigating-Role Reduction

Lerma contends that the district court should have awarded him a two-level mitigating-role reduction because he was merely a crew member aboard the vessel.

If the defendant was a minor participant in the criminal activity, the district court decreases the offense level by two levels. U.S.S.G. § 3B1.2(b). A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5. If the defendant was a minimal participant in the criminal activity, the district court decreases the offense level by four levels. U.S.S.G. § 3B1.2(a). A minimal participant is one who "plays a minimal role in concerted activity" and the phrase "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2 cmt. n.4. The defendant has the burden to establish his role in the offense by a preponderance of the evidence. *United States v. De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).

In determining whether a mitigating-role reduction applies, the district court considers two principles: (1) the defendant's role in the offense compared to the relevant conduct attributed to him in calculating his base offense level; and (2) the defendant's role compared to that of other participants in the offense. Id. at 940- 45. "[I]n the drug courier context... the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct [and] may be dispositive - in and of itself- in the extreme case." *Id.* at 943. Additionally, "when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." *Id.* at 942-43.

Here, Lerma was held accountable for only the amount of cocaine found on board the vessel. Thus, Lerma's relevant conduct was identical to his actual conduct in the importation scheme. Furthermore, the amount of drugs Lerma and his co-defendants were transporting - 5,000 kilograms - was substantial.

In addition, Lerma did not show that he was less culpable than most of the other identifiable participants in the offense. Lerma was one of four deck hands on the vessel. As part of his job, Lerma took shifts driving the vessel. While Lerma and the other deck hands may have been less culpable than the captain of the vessel or the "load guard," we cannot say Lerma was a minor participant. *See id.* at 944 (explaining that it is possible for there to be no minor participants in a conspiracy).

Lerma's contention that the district court failed to "make a specific comparison" to Lerma's co-defendants is without merit. The district court stated on the record that Lerma was "similarly situated with the other

3

defendants ...." In any event, the district court is not required to compare each identifiable participant to the defendant on the record. *See De Varon.* 175 F.3d at 940 ("[A] district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense.").

Thus, the district court did not clearly err in denying Lerma a mitigating-role adjustment. AFFIRMED.

Prior resolution of Defendant's claims bars reconsideration of those claims because, generally, claims raised and disposed of in a previous appeal are precluded from reconsideration in a Section 2255 proceeding. *Davis v. United States*, 417 U.S. 333 (1974); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). Defendant Lerma has not established any extraordinary circumstance that would justify reconsideration of these claims. *See Schlup v. Delo*, 15 S. Ct. 851 (1995); *Davis v. United States*, 417 U.S. 333.

## Present Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996,

as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. A conviction becomes "final" when the Supreme Court has denied certiorari. Since Lerma did not file a petition for writ of certiorari, the judgment became "final" when the possibility of further direct appellate review was exhausted, 90 days from the entry of judgment. Lerma's conviction became final on February 17, 2008, when the time for seeking certiorari review had expired; therefore, he had until February 18, 2009, to file a timely section 2255 motion. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir.) (when prisoner does not petition for certiorari, conviction does not become "final" for purposes of section 2255 until expiration of 90-day period for seeking certiorari), *cert. denied*, 123 S.Ct. 287 (2002). Lerma did not sign the present construed motion to vacate until August 3, 2009. Therefore, the construed 28 U.S.C. § 2255 motion to vacate is time-barred.

Lerma has not presented any exceptional circumstances for tolling the one-year limitation period.

Accordingly, the Court orders:

That Lerma's construed motion to vacate (Doc. cv-1; cr-303) is denied. The Clerk is directed to enter judgment against Lerma in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant

has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 25, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: James A. Muench
Henry Lerma, Pro se